UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
COURTYARD APARTMENTS
PROPERTY 1, LLC, COURTYARD
APARTMENTS PROPERTY 2, LLC,
COURTYARD APARTMENTS
PROPERTY 3, LLC, COURTYARD
APARTMENTS PROPERTY 4, LLC,
COURTYARD APARTMENTS
PROPERTY 5, LLC, COURTYARD
APARTMENTS PROPERTY 6, LLC,
COURTYARD APARTMENTS
PROPERTY 7, LLC, COURTYARD
APARTMENTS PROPERTY 8, LLC,
COURTYARD APARTMENTS
PROPERTY 9, LLC, COURTYARD
APARTMENTS PROPERTY 10, LLC,
COURTYARD APARTMENTS
PROPERTY 12, LLC, COURTYARD
APARTMENTS PROPERTY 13, LLC,
COURTYARD APARTMENTS
PROPERTY 14, LLC, COURTYARD
APARTMENTS PROPERTY 15, LLC,
COURTYARD APARTMENTS
PROPERTY 16, LLC, and
COURTYARD APARTMENTS
PROPERTY 17, LLC,

                Plaintiffs,

  -against-

HAROLD ARI ROSENBLUM,
WOODLARK ENTERPRISES, THE
WOODLARK CORPORATION doing
business as The Woodlark Companies,
WOODLARK CAPITAL, LLC,
WOODLARK COURTYARD, LLC,
WOODLARK OPPORTUNITY
FUND, LLC, COURTYARD
APARTMENTS, LLC, and DERRICK
MILAM,

                Defendants.
---------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-2909(DRH)(SIL)

Plaintiffs commenced this action on May 12, 2017 asserting claims for "negligent misrepresentation, fraudulent inducement, fraud, breach of contract, conversion, wasting of assets, and breach of fiduciary [sic][.]" (Compl. ¶ 4.) Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (*Id.* ¶ 6.) Plaintiffs are a group of Delaware limited liability companies, each "with its natural U.S. citizen or domestic corporation owner, with its same natural citizen sole owner" with a principal business or residential address in one of eight states, allegedly none of which are in the State of Florida. (Amended Compl. [DE 6] ¶ 9; Response to Order to Show Cause [DE 7] at 2.)

Defendant Rosenblum is a "resident" of the State of Florida whose citizenship is not alleged. (Amended Complaint ¶ 10.) Plaintiffs do not allege the citizenship of Defendant Milam. (*See id.* ¶ 24.) The remaining Defendants are all companies allegedly formed by Defendant Rosenblum, but the Amended Complaint is devoid of allegations regarding their citizenship, stating only that they are "headquartered and doing business from the State of Florida." (*See Id.* ¶¶ 6, 11–22.)

In accordance with its obligation to ensure that subject matter jurisdiction exists, on January 25, 2018, this Court ordered Plaintiffs to show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction. On February 7, 2018, Plaintiffs filed an Amended Complaint, which again failed to address the citizenship of all of either Plaintiffs' or Defendants' members. In the Amended Complaint, Plaintiffs allege that Defendant Rosenblum "formed, and solely owned, or controlled as Managing Member" the corporate defendants. (Amended Complaint ¶ 12.) Plaintiffs make no other allegations concerning the citizenship of

Defendants' members, nor do Plaintiffs distinguish between which of the defendant corporations Rosenblum solely owned and which he just controlled.

Also on February 7, 2018, Plaintiffs responded to the Court's order to show cause by letter ("Response to Order to Show Cause"), which claims that "complete diversity is now properly alleged" because the Complaint was amended to show that the corporate owners of the Plaintiffs LLCS incorporated in Delaware do not maintain their principal place of business in Florida and the sole owner of these same Plaintiff LLCs does not maintain his/her principal residence in the State of Florida. (Response to Order to Show Cause [DE 7] at 2.) This is effectively nonresponsive to the Court's order to show cause and does nothing to address the myriad deficiencies regarding subject matter jurisdiction in both the Complaint and the Amended Complaint. Thus, as explained below, the case is dismissed for lack of subject matter jurisdiction.

I. **Principles Regarding Diversity Jurisdiction**

Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117- 18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party asserting diversity jurisdiction has the burden to prove the same. *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). "A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists."

*Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988).

For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. June 12, 2012). "For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman,* 213 F.3d at 51–52)); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp.2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010).

II. **The Amended Complaint**

When viewed against the foregoing principles, diversity jurisdiction has not been properly pled in this case as there are numerous fatal shortcomings in the Amended Complaint that are neither adequately addressed nor remedied by the Response to the Order to Show Cause. First, Plaintiffs make a blanket statement that each of the sixteen Plaintiffs are limited liability companies "with its same natural citizen sole owner and same principal place of business and

residential address [] listed as follows[.]" (Amended Compl. ¶ 9.)  The Court is unpersuaded that this is sufficient to allege citizenship of each of the members of the sixteen limited liability companies.  Moreover, Plaintiffs have failed to even allege the members, let alone the members' citizenship, of certain of the Plaintiffs such as those of the David J. Keudell Revocable Trust.  *See Amerigold Logistics, LLC v. ConAgra Foods, Inc.*, 136 S. Cit. 1012, 1016–17 (2016) (explaining that for purposes of diversity jurisdiction, a trust as an unincorporated entity "possesses the citizenship of all of its members").  This shortcoming alone is fatal to diversity jurisdiction, however, there are also significant issues with Plaintiffs' allegations regarding the citizenship of all Defendants.

As noted above, Plaintiffs make no allegations concerning the citizenship of each of the Defendants' members, relying on confusing statements about Defendant Rosenblum's involvement in the companies.  Reference is also made to other non-defendants who apparently have or had some stake in the Defendant companies at some point in time.  (*See* Amended Compl. ¶ 23 (stating that Sean K. O'Brien, "a defendant in a separate action and not herein . . . was both 51% owner of Courtyard and Chief Operating Officer of Capital").)  No further information is provided regarding Mr. O'Brien.

While Plaintiffs ask that the Court provide guidance or further directive as to its Order to Show Cause, the Court declines to do so here.  Plaintiffs have had three proverbial "bites at the apple" to properly allege subject matter jurisdiction; in the Complaint, the Amended Complaint, and the Response to the Order to Show Cause.  Plaintiffs have failed to do so on all occasions.  It is not the Court's responsibility to do research for Plaintiffs' counsel on how to properly allege subject matter jurisdiction.

### III. Conclusion

As neither the Complaint, the Amended Complaint, nor any other filing in this case demonstrates subject matter jurisdiction, the Court dismisses the action. The Clerk of Court is directed to close the case.

Dated: Central Islip, New York
      April 3, 2018

                                      /s/
                              Denis R. Hurley
                              United States District Judge